IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § § § § § § § § § § | SEALED<br><br>No. 4:19CR160<br>Judge Jordan |
| v. | | |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>NICOLE RENE MARTINEZ (2)<br>a.k.a. "Nikki"<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | |

FILED
NOV 13 2019
Clerk, U.S. District Court
Texas Eastern

**SECOND SUPERSEDING INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

> Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Manufacture and Distribute Gamma Hydroxybutrate ("GHB"))

That from sometime in or about January 2018, and continuously thereafter up to and including November 13, 2019, in the Eastern District of Texas, and elsewhere,

▮▮▮▮▮▮▮▮ Nicole Rene Martinez, a.k.a. "Nikki" ▮▮▮▮▮▮▮▮



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute a mixture or substance containing a detectable amount of Gamma Hydroxybutrate ("GHB"), a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Two

> Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine)

That from sometime in or about January 2018, and continuously thereafter up to and including November 13, 2019, in the Eastern District of Texas, and elsewhere,


Nicole Rene Martinez, a.k.a. "Nikki"

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine (actual), a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Three

<u>Violation</u>: Title 21 U.S.C. § 848(a)
(Continuing Criminal Enterprise)

That from sometime in or about January 2015, and continuously thereafter up to and including October 10, 2018, in the Eastern District of Texas, and elsewhere, ███ ████████████████████████████████████, defendants herein, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated 21 U.S.C. § 846, which violation includes, but is not limited to, the substantive violations alleged in Counts One and Two of this Second Superseding Indictment, to wit: Conspiracy to Possess with the Intent to Manufacture and Distribute Gamma Hydroxybutrate ("GHB") and Methamphetamine, and which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by defendants ████████████████████████████████████, in concert with at least five other persons with respect to whom ████████████████ ██████████████████████ occupied positions of organizer, supervisor, and any

position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

All in violation of 21 U.S.C. § 848(a).

### Count Four

<u>Violation</u>: 18 U.S.C. § 1956(h) and 1956(a)(2)(A) and (a)(2)(B)(i) (Conspiracy to Commit Money Laundering)

That from sometime in or about January 2018, and continuously thereafter up to and including November 13, 2019, in the Eastern District of Texas and elsewhere,



**Nicole Rene Martinez, a.k.a. "Nikki"**

defendants, did knowingly combine, conspire, and agree together and with each other and with other persons known and unknown to conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is conspiracy to distribute and possess with intent to manufacture and distribute GHB and methamphetamine, as alleged in Counts One and Two of this Second Superseding Indictment;

1. knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of that specified unlawful activity contrary to 18 U.S.C. § 1956(a)(B)(i);

2. did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Manufacture and Distribute a Controlled Substance, to-wit: GHB and methamphetamine, as described in Counts One and Two of this Second Superseding Indictment, in violation of 18 U.S.C. § 1956(a)(2)(A); and

3. did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Manufacture and Distribute a Controlled Substance, to-wit: GHB and methamphetamine, as described in Counts One and Two of this Second Superseding Indictment, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses charged in this Second Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 846, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to:

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____   11/13/19
ERNEST GONZALEZ              Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | No. 4:19CR160 |
| | § § | Judge Crone |
|  NICOLE RENE MARTINEZ (2) a.k.a. "Nikki" | § § § § § § § § § § § § § § | |

### Count One

Violation:   21 U.S.C. § 846

Penalty:    Imprisonment for a term of not more than 20 years, a fine not to exceed $1 million, or both; supervised release of at least three years.

Special Assessment:  $100.00

### Count Two

Violation:   21 U.S.C. § 846

Penalty:    If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment: $100.00

## Count Three

Violation:   21 U.S.C. § 848(a)

Penalty:   Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, a fine not to exceed $2 million, or both; supervised release of at least eight years;

If any person engages in such activity after one or more prior convictions under this section have become final, he or she shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least ten years.

Special Assessment: $100.00

## Count Four

Violation:   18 U.S.C. § 1956(h)

Penalty:   Not more than 20 years imprisonment; a fine not to exceed $250,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years.

Special Assessment: $100.00